JS 44   (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

## DEFENDANTS

**(b)**  County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1   U.S. Government Plaintiff
- ❏ 2   U.S. Government Defendant
- ❏ 3   Federal Question *(U.S. Government Not a Party)*
- ❏ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| | | **PERSONAL PROPERTY** | | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ❏ 485 Telephone Consumer Protection Act |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 720 Labor/Management Relations | ❏ 862 Black Lung (923) | ❏ 490 Cable/Sat TV |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 740 Railway Labor Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 196 Franchise | | | ❏ 751 Family and Medical Leave Act | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| | | | | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❏ 893 Environmental Matters |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement Income Security Act | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 895 Freedom of Information Act |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 896 Arbitration |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 950 Constitutionality of State Statutes |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1   Original Proceeding
- ❏ 2   Removed from State Court
- ❏ 3   Remanded from Appellate Court
- ❏ 4   Reinstated or Reopened
- ❏ 5   Transferred from Another District *(specify)*
- ❏ 6   Multidistrict Litigation - Transfer
- ❏ 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ❏ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.  (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## <u>CASE MANAGEMENT TRACK DESIGNATION FORM</u>

| | | |
|---|---|---|
| MARK LAWSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. |
| CVS PHARMACY, INC. d/b/a | : | |
| CVS PHARMACY, PHILADELPHIA | : | |
| PA CVS, INC., and | : | |
| PHILADELPHIA PA BUSINESS TRUST | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.              (  )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
      and Human Services denying plaintiff Social Security Benefits.                             (  )

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (  )

(d)  Asbestos – Cases involving claims for personal injury or property damage from
      exposure to asbestos.                                                                                    (  )

(e)  Special Management – Cases that do not fall into tracks (a) through (d) that are
      commonly referred to as complex and that need special or intense management by
      the court.  (See reverse side of this form for a detailed explanation of special
      management cases.)                                                                                        (  )

(f)  Standard Management – Cases that do not fall into any one of the other tracks.       ( X )

| | |
|---|---|
| <u>__May 28, 2021__</u> | **<u>Joel H. Feigenbaum, Esquire</u>** |
| **Date** | **Attorney-at-law** |
| | **Attorney for Defendants** |
| | |
| <u>**(215) 587-1138**</u> | <u>**(215) 320-4765**</u> |
| **Telephone** | **FAX Number** |

**E-Mail Address:  jfeigenbaum@postschell.com**

**(Civ. 660) 10/02**

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)         The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)         In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)         The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)         Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)         Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual

2

stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | | |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☐ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☐ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☐ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☐ |

I certify that, to my knowledge, the within case ☐ **is** / ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____
Joel H. Feigenbaum
_____      _____
*Attorney-at-Law / Pro Se Plaintiff*            *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**    *Federal Question Cases:*

| | | |
|---|---|---|
| ☐ | 1. | Indemnity Contract, Marine Contract, and All Other Contracts |
| ☐ | 2. | FELA |
| ☐ | 3. | Jones Act-Personal Injury |
| ☐ | 4. | Antitrust |
| ☐ | 5. | Patent |
| ☐ | 6. | Labor-Management Relations |
| ☐ | 7. | Civil Rights |
| ☐ | 8. | Habeas Corpus |
| ☐ | 9. | Securities Act(s) Cases |
| ☐ | 10. | Social Security Review Cases |
| ☐ | 11. | All other Federal Question Cases *(Please specify): _____* |

**B.**    *Diversity Jurisdiction Cases:*

| | | |
|---|---|---|
| ☐ | 1. | Insurance Contract and Other Contracts |
| ☐ | 2. | Airplane Personal Injury |
| ☐ | 3. | Assault, Defamation |
| ☐ | 4. | Marine Personal Injury |
| ☐ | 5. | Motor Vehicle Personal Injury |
| ☐ | 6. | Other Personal Injury *(Please specify): _____* |
| ☐ | 7. | Products Liability |
| ☐ | 8. | Products Liability – Asbestos |
| ☐ | 9. | All other Diversity Cases *(Please specify): _____* |

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐    Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

☐    Relief other than monetary damages is sought.

DATE: _____      _____      _____
                                   *Attorney-at-Law / Pro Se Plaintiff*           *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

POST & SCHELL, P.C.
BY:  CHARLES W. SPITZ, ESQUIRE
E-MAIL: cspitz@postschell.com
I.D. # 81192
JOEL H. FEIGENBAUM, ESQUIRE
E-MAIL: jfeigenbaum@postschell.com
I.D. # 315866
FOUR PENN CENTER, 13TH FLOOR
1600 JOHN F. KENNEDY BLVD.
PHILADELPHIA, PA  19103-2808
215-587-1000

ATTORNEYS FOR DEFENDANTS,
PENNSYLVANIA CVS PHARMACY,
L.L.C. (I/P/A AS CVS PHARMACY, INC.
D/B/A CVS PHARMACYAND
PHILADELPHIA PA CVS, INC.) AND
PHILADELPHIA PA BUSINESS TRUST

MARK LAWSON,

                Plaintiff,

        v.

CVS PHARMACY, INC. d/b/a CVS
PHARMACY, PHILADELPHIA CVS, INC.,
and PHILADELPHIA PA BUSINESS
TRUST,

                Defendants.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

No.

## DEFENDANTS, PENNSYLVANIA CVS PHARMACY, L.L.C. (I/P/A AS CVS PHARMACY, INC. D/B/A CVS PHARMACYAND PHILADELPHIA PA CVS, INC.) AND PHILADELPHIA PA BUSINESS TRUST'S PETITION FOR REMOVAL PURSUANT TO 28 U.S.C.§1332 AND U.S.C.§1441

Defendants, Pennsylvania CVS Pharmacy, L.L.C. (i/p/a CVS Pharmacy, Inc. d/b/a CVS

Pharmacy and Philadelphia PA CVS, Inc.) and Philadelphia PA Business Trust, by and through

its attorneys, Post & Schell, P.C., hereby petitions to remove the above-captioned action, which

is presently in the Court of Common Pleas, Philadelphia County, No. 210401995, pursuant to 28

U.S.C. §1332 and 28 U.S.C. §1441 *et seq.,* and in support thereof, avers as follows:

## I.  NATURE OF ACTION

1.     This action arises out of an alleged trip and fall accident that occurred on April 30, 2019 in the parking lot of a CVS store located in Philadelphia, PA. See a true and correct copy of Plaintiff's Complaint attached hereto as Exhibit "A".

2.     Plaintiff is a resident of Pennsylvania with an address of 1446 West 70th Avenue, Philadelphia, PA 19126. Id. at ¶1.

3.     CVS Pharmacy, Inc. is a foreign corporation with a principal place of business located at One CVS Drive, Woonsocket, Rhode Island 02895. Id.[1]

4.     Defendant, Pennsylvania CVS Pharmacy, L.L.C. is a Pennsylvania limited liability company with a business address of 6344 Senton Avenue, Philadelphia, Pennsylvania. See Affidavit of Melanie K. St Angelo attached hereto as Exhibit "C."

5.     The sole member of Pennsylvania CVS Pharmacy, L.L.C. is CVS Pharmacy, Inc. Id.

6.     Defendant, Philadelphia PA Business Trust is a Delaware corporation with a principal place of business located at 7850 NW 146th Street, 4th Floor, Miami Lakes, Florida 33016.[2]

---

[1] The Pennsylvania Department of State confirms that Philadelphia PA CVS, Inc. is no longer an active corporation as it merged with CVS Pharmacy, Inc. – which maintains the business address identified by Plaintiff in his Complaint – in 1999. See a true an accurate copy of the Business Entity Details attached hereto as Exhibit "B".

[2] Plaintiff's Complaint incorrectly identifies Defendant, Philadelphia PA Business Trust's address as 6344 Senton Avenue, Philadelphia, Pennsylvania, the address of the CVS store. See Exhibit "A".  The Pennsylvania Department of State confirms that Defendant, Philadelphia PA Business Trust is a foreign corporation.  The lease between Philadelphia PA Business Trust and Pennsylvania CVS Pharmacy, LLC, which was controlling at the time and for the premises where Plaintiff allegedly fell, confirms Philadelphia PA Business Trust is a Delaware busines trust with a principal business address in Miami Lakes, Florida. See a true and accurate copy of the Business Entity Details and a redacted copy of the Lease attached hereto as Exhibit "D".

2

7.      Plaintiff alleges to have suffered "painful and severe injuries, which include, but are not limited to, disc herniation at T12-L1, disc bulge at L4-5, right knee internal derangement, lower extremity radiculopathies, cervical sprain and strain, lumbar strain and strain, right hip sprain and strain, and lower back sprain and strain."  Plaintiff also alleges to have incurred, *inter alia*, medical expenses and financial expenses, loss of earnings and impairment of earning power and capacity and claims to be prevented from performing his usual customary activities. See Exhibit "A" at ¶¶8-10.

8.      Pursuant to Pennsylvania pleading rules, Plaintiff has also asserted that the alleged damages are in excess of the $50,000 jurisdictional limits of a Board of Arbitrators. See Exhibit "A."

## II.     PROCEDURAL HISTORY

9.      On April 22, 2021 Plaintiff filed a Complaint in the Philadelphia County Court of Common Pleas.  See Exhibit "A".

10.     The Complaint was served on Defendant, Pennsylvania CVS Pharmacy, L.L.C. on April 30, 2021. See Certified Mail tracking information within Exhibit "A"; USPS Tracking History for Confirmation # 770191120000127947780.

11.     Pursuant to 28 U.S.C. § 1446(b)(2)(B), Defendant shall have thirty (30) days after service of the Complaint – May 30, 2021 – to file a notice of removal.

12.     This notice of removal, and related papers, has been filed within thirty (30) days of the date of service of the Complaint on Defendants and is, therefore, timely under 28 U.S.C. § 1446(b).

22141786v1

III.     **LEGAL ARGUMENT**

    A.     **THE ADVERSE PARTIES ARE COMPLETELY DIVERSE**

13.     Pursuant to 28 U.S.C. § 1332, a matter may be removed to Federal Court based upon the diversity of citizenship of the parties.

14.     Complete diversity of citizenship between the parties exists when "every plaintiff [is] of diverse state citizenship from every defendant." In re Briscoe, 448 F.3d 201, 215 (3d Cir. 2006).

15.     A corporation is considered to be a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c).

16.     Under the "nerve center" test adopted by the United States Supreme Court, a corporation's principal place of business is the headquarters of the corporation, *i.e.* that "place where a corporation's officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010).

17.     In addition, "the citizenship of an LLC is determined by the citizenship of each of its members." Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010).

18.     As stated above, as well as in the Complaint, Plaintiff is a resident of Pennsylvania.

19.     The citizenship of CVS Pharmacy, Inc. (and Philadelphia PA CVS, Inc., which is an inactive merged corporation with CVS Pharmacy, Inc.) is Rhode Island. See Exhibits "B-C".

20.     Defendant, Pennsylvania CVS Pharmacy, L.L.C.'s sole member is CVS Pharmacy, Inc. As the sole member of the LLC, the citizenship of CVS Pharmacy, Inc. (Rhode Island) is used to determine the citizenship of Pennsylvania CVS Pharmacy, L.L.C.

21.     The citizenship of Defendant, Philadelphia PA Business Trust is Delaware. See Exhibit "D".

22.    As a result, there is complete diversity of citizenship between the Plaintiff (Pennsylvania) and Defendants (Rhode Island and Delaware).

**B.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

23.    Under 28 U.S.C. §1332(a), federal jurisdiction based on diversity of citizenship requires that the amount in controversy exceed $75,000.

24.    The amount in controversy is measured by the pecuniary value of the rights being litigated. Hunt v. Washington Apple Advertising Commission, 432 U.S. 333, 347, 53 L. Ed. 2d 383, 97 S. Ct. 2434 (1977).

25.    "The amount in controversy is **not** measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." Angus v. Shiley, Inc., 989 F.2d 142, 146 (3d Cir. 1993), citing Hunt v. Washington State Apple Advertising Comm'n., 432 U.S. 333, 347 (1977)[emphasis added].

26.    The Court must find that the amount in controversy requirement has been satisfied when a reasonable jury could value the plaintiff's losses at an amount above the jurisdictional minimum.  Id.; see also Corwin Jeep Sales & Service v. American Motors Sales Corp., 670 F. Supp. 591, 596 (M.D. Pa. 1986)(finding amount in controversy requirement met when the court could not "find to a legal certainty that the parties' respective rights under the franchise agreement are worth less than the jurisdictional minimum.").

27.    In this case, Plaintiff alleges to have suffered "painful and severe injuries, which include, but are not limited to, disc herniation at T12-L1, disc bulge at L4-5, right knee internal derangement, lower extremity radiculopathies, cervical sprain and strain, lumbar strain and strain, right hip sprain and strain, and lower back sprain and strain."  Plaintiff also alleges to have incurred, *inter alia*, medical expenses and financial expenses, loss of earnings and impairment of

earning power and capacity and claims to be prevented from performing his usual customary activities. See Exhibit "A" at ¶¶8-10.

28.    While Defendant disputes Plaintiff's allegations, considering the damages claimed by Plaintiff, if taken to be true, a reasonable jury could value Plaintiff's losses at an amount in excess of the $75,000 amount in controversy minimum.

## IV.    **CONCLUSION**

29.    Therefore, with both the existence of diversity of citizenship between the parties and the amount in controversy threshold having been satisfied, removal is proper under 28 U.S.C. §§ 1332 and 1441.

**WHEREFORE**, Defendants, Pennsylvania CVS Pharmacy, L.L.C. (i/p/a CVS Pharmacy, Inc. d/b/a CVS Pharmacy and Philadelphia PA CVS, Inc.) and Philadelphia PA Business Trust, respectfully requests that this Honorable Court find this case to have been properly removed and assume full jurisdiction of this matter.

Respectfully submitted,

POST & SCHELL, P.C.

BY:  _____

**DATED:** May 27, 2021

CHARLES W. SPITZ, ESQUIRE
JOEL H. FEIGENBAUM, ESQUIRE
Attorneys for DEFENDANT,
PENNSYLVANIA CVS PHARMACY, L.L.C.
(i/p/a CVS Pharmacy, Inc. d/b/a CVS Pharmacy
and Philadelphia PA CVS, Inc.) and
PHILADELPHIA PA BUSINESS TRUST

6

## <u>CERTIFICATE OF SERVICE</u>

JOEL H. FEIGENBAUM, ESQUIRE hereby states that a true and correct copy of the foregoing Petition for Removal to be electronically filed with the Court and served electronically by the Court upon counsel of record in addition to being sent by electronic mail to jsolnick@solnicklawyers.com.

POST & SCHELL, P.C.

BY: _____

**DATED:** May 27, 2021

CHARLES W. SPITZ, ESQUIRE
JOEL H. FEIGENBAUM, ESQUIRE
Attorneys for DEFENDANT,
PENNSYLVANIA CVS PHARMACY, L.L.C.
(i/p/a CVS Pharmacy, Inc. d/b/a CVS Pharmacy
and Philadelphia PA CVS, Inc.)
and PHILADELPHIA PA BUSINESS TRUST

7

**<u>EXHIBIT A</u>**



# Solnick & Associates, LLC
Attorneys at Law

JAY L. SOLNICK | Partner
jsolnick@solnicklawyers.com

April 23, 2021

***Via Certified Mail***
Philadelphia PA CVS, Inc.
One CVS Drive
Woonsocket, RI 02895

Re:   **Mark Lawson v. CVS Pharmacy, Inc. d/b/a CVS Pharmacy, et al**
      **Philadelphia CCP; April Term 2021 No. 1995**
      **Our File No. 1905007**

To whom it may concern:

Enclosed please find a copy of a Complaint that has been filed in the Court of Common Pleas of
Philadelphia County, Pennsylvania, which identifies you as a Defendant.  This Complaint is
being served on you pursuant to Pennsylvania Rules of Civil Procedure 403 and 404.  I suggest
that you turn these papers over to your insurance carrier upon receipt.

Very truly yours,

JAY L. SOLNICK

JLS/ks
Enclosures

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
|---|
| **APRIL 2021** |
| E-Filing Number: 2104044229 |
| **001995** |

**PLAINTIFF'S NAME**
MARK  LAWSON

**DEFENDANT'S NAME**
CVS PHARMACY, INC. , ALIAS: D/B/A CVS PHARMACY

**PLAINTIFF'S ADDRESS**
1446 WEST 70TH AVENUE
PHILADELPHIA  PA 19126

**DEFENDANT'S ADDRESS**
6344 STENTON AVEUNE
PHILADELPHIA  PA 19138

**PLAINTIFF'S NAME**

**DEFENDANT'S NAME**
PHILADELPHIA PA CVS, INC.

**PLAINTIFF'S ADDRESS**

**DEFENDANT'S ADDRESS**
ONE CVS DRIVE
WOONSCOKET  RI 02895

**PLAINTIFF'S NAME**

**DEFENDANT'S NAME**
PHILADELPHIA PA BUSINESS TRUST

**PLAINTIFF'S ADDRESS**

**DEFENDANT'S ADDRESS**
6344 STENTON AVEUNE
PHILADELPHIA  PA 19138

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 3 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

**AMOUNT IN CONTROVERSY**
[ ] $50,000.00 or less
[X] More than $50,000.00

**COURT PROGRAMS**
[ ] Arbitration
[ ] Jury
[X] Non-Jury
[ ] Other:

[ ] Mass Tort
[ ] Savings Action
[ ] Petition

[ ] Commerce
[ ] Minor Court Appeal
[ ] Statutory Appeals

[ ] Settlement
[ ] Minors
[ ] W/D/Survival

**CASE TYPE AND CODE**
20 - PERSONAL INJURY - OTHER

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

**FILED
PRO PROTHY**

APR 22 2021

**S. RICE**

**IS CASE SUBJECT TO
COORDINATION ORDER?**
YES      NO

## TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: MARK  LAWSON

Papers may be served at the address set forth below.

**NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY**
JAY L. SOLNICK

**ADDRESS**
SOLNICK & ASSOCIATES, LLC
1448 MUNDOCK ROAD
DRESHER PA 19025

**PHONE NUMBER**
(215)481-9979

**FAX NUMBER**
(215)481-9980

**SUPREME COURT IDENTIFICATION NO.**
74109

**E-MAIL ADDRESS**
jsolnick@solnicklawyers.com

**SIGNATURE OF FILING ATTORNEY OR PARTY**
JAY SOLNICK

**DATE SUBMITTED**
Thursday, April 22, 2021, 04:11 pm

FINAL COPY (Approved by the Prothonotary Clerk)

**SOLNICK & ASSOCIATES, LLC**
BY:  JAY L. SOLNICK, ESQUIRE
ATTORNEY I.D. NO. 74109
BY:  ALISA THAMMAVONG, ESQUIRE
ATTORNEY I.D. NO. 327690
THE PAVILION, SUITE 718
261 OLD YORK ROAD
JENKINTOWN, PA  19046
215-481-9979
jsolnick@solnicklawyers.com
athammavong@solnicklawyers.com

**ATTORNEYS FOR PLAINTIFF**

**AN ASSESSMENT OF DAMAGES HEARING IS REQUIRED.**

*Filed and Attested by the Office of Judicial Records 22 APR 2021 04:11 pm*

| | |
|---|---|
| **MARK LAWSON**<br>**1446 West 70th Avenue**<br>**Philadelphia, PA 19126**<br><br>        **Plaintiff**<br>     v.<br>**CVS PHARMACY, INC. d/b/a**<br>**CVS PHARMACY**<br>**6344 Stenton Avenue**<br>**Philadelphia, PA 19138**<br>     **and**<br>**PHILADELPHIA PA CVS, INC.**<br>**One CVS Drive**<br>**Woonsocket, RI  02895**<br>     **and**<br>**PHILADELPHIA PA BUSINESS TRUST**<br>**6344 Stenton Avenue**<br>**Philadelphia, PA 19138**<br><br>        **Defendants** | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY**<br><br>_____ **TERM, 2021**<br><br>**NO.** _____ |

## COMPLAINT - CIVIL ACTION
## 2O – OTHER PERSONAL INJURY

### "NOTICE"

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.
PHILADELPHIA BAR ASSOCIATION
Lawyer Referral and Information Service
One Reading Center
Philadelphia, PA  19107
Phone:  (215) 238-1701

### "AVISO"

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion hace falta asentar una comparencia escrita en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandes en contra a de su persona.  Sea avisado que si usted no se defiende la corte tomara medidas y puede continuar las demanda en contra suya sin previo aviso o notificacion.  Ademas la corte puedo decidir a favor del demandante y requiere que usted cumpla as las provisiones de esta demanda.  Usted puedo dinero o sus propiedades u otros derechos importantes para usted.
LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.
ASSOCIACION DE LICENDIADOS DE FILADELFIA
Servicio De Refencia E Informacion Legal
One Reading Center
Filadelfia, Pennsylvania  19107
Telefono:  (215) 238-1701

ATTORNEYS FOR PLAINTIFFS

SOLNICK &ASSOCIATES, LLC
BY:  JAY L. SOLNICK, ESQUIRE
ATTORNEY I.D. NO. 74109
BY:  ALISA THAMMAVONG, ESQUIRE
ATTORNEY I.D. NO. 327690
THE PAVILION, SUITE 718
261 OLD YORK ROAD
JENKINTOWN, PA  19046
215-481-9979
jsolnick@solnicklawyers.com
athammavong@solnicklawyers.com

THIS IS AN ARBITRATION CASE.

AN ASSESSMENT OF DAMAGES
HEARING IS REQUIRED.

| | |
|---|---|
| MARK LAWSON | :  COURT OF COMMON PLEAS |
| 1446 West 70th Avenue | :  PHILADELPHIA COUNTY |
| Philadelphia, PA 19126 | : |
|                      Plaintiff | : |
|     v. | :  _____ TERM, 2021 |
| CVS PHARMACY, INC. d/b/a | : |
| CVS PHARMACY | :  NO. _____ |
| 6344 Stenton Avenue | : |
| Philadelphia, PA 19138 | : |
|     and | : |
| PHILADELPHIA PA CVS, INC. | : |
| One CVS Drive | : |
| Woonsocket, RI  02895 | : |
|     and | : |
| PHILADELPHIA PA BUSINESS TRUST | : |
| 6344 Stenton Avenue | : |
| Philadelphia, PA 19138 | : |
|              Defendants | : |

## COMPLAINT - CIVIL ACTION
## 2O – OTHER PERSONAL INJURY

1.      Plaintiff, Mark Lawson, is an adult individual who resides at the address indicated

in the above caption.

2.      Defendant, CVS Pharmacy, Inc. d/b/a CVS Pharmacy ("CVS"), is a business

entity which is, upon information and belief, licensed and authorized to conduct business in the

Case ID: 210401995

Commonwealth of Pennsylvania with a place of business at the address indicated in the above caption.

3.      Defendant, Philadelphia PA CVS, Inc., is a business entity which is, upon information and belief, licensed and authorized to conduct business in the Commonwealth of Pennsylvania with headquarters and/or a principal place of business at the address indicated in the above caption.

4.      Defendant, Philadelphia PA Business Trust, is a business entity which is, upon information and belief, licensed and authorized to conduct business in the Commonwealth of Pennsylvania with a place of business at the address indicated in the above caption.

5.      At all times material hereto, Defendants, CVS, Philadelphia PA CVS, Inc. and/or Philadelphia PA Business Trust owned, operated, possessed, controlled, maintained, supervised, leased, managed, and/or were otherwise responsible for a retail establishment/pharmacy and the property located at 6344 Stenton Avenue in Philadelphia, Pennsylvania including, in particular, the parking lot area (hereinafter "the Premises).

6.      Any acts or omissions alleged herein to have been committed or omitted by Defendants were committed or omitted by and through Defendants' respective agents, servants, employees, and/or contractors acting within the course and scope of their employment and/or authority for and on behalf of Defendants.

7.      On April 30, 2019, at approximately 9:00 p.m., Plaintiff, Mark Lawson, was a business invitee lawfully when he was caused to trip and fall after stepping into a "pothole" in the parking lot of the Premises which represented a dangerous and defective condition.

8.      As a direct and proximate result of the foregoing incident and Defendant's negligence and carelessness, Plaintiff, Mark Lawson, sustained painful and severe injuries which

include, but are not limited to, disc herniation at T12-L1, disc bulge at L4-L5, right knee internal derangement, lower extremity radiculopathies, cervical sprain and strain, lumbar sprain and strain, right hip sprain and strain, and lower back sprain and strain.

9.    As a direct and proximate result of the foregoing incident and Defendant's negligence and carelessness, Plaintiff, Mark Lawson, has suffered great physical pain and mental suffering, emotional distress, inconvenience in carrying out his daily activities, a loss of life's pleasures and enjoyment, a loss of earnings and earning capacity, and he may suffer pain and inconvenience into the future.

10.    As a direct and proximate result of the foregoing incident and Defendant's negligence and carelessness, Plaintiff, Mark Lawson, has been compelled to undergo otherwise unnecessary medical treatment and to incur miscellaneous medical expenses in an effort to restore himself to health and he may be forced to incur additional medical expenses in the future.

11.    As a direct and proximate result of the foregoing incident and Defendant's negligence and carelessness, Plaintiff, Mark Lawson, continues to suffer pain and limitation and, therefore, avers that his injuries may be of a permanent nature, causing residual problems into the future.

## COUNT I - NEGLIGENCE
## PLAINTIFF, MARK LAWSON, v. DEFENDANT, CVS

12.    Plaintiff hereby incorporates the averments of Paragraph 1 through 11 of this Complaint as though fully set forth at length.

13.    The foregoing incident and all of the injuries and damages set forth herein sustained by Plaintiff, Mark Lawson, were the direct and proximate result of the negligence and carelessness of Defendant, CVS, as follows:

    a.  Failing to maintain the Premises in a safe condition;

b. Failing to take adequate precautions to assure that individuals lawfully on the Premises would not be subject to injury;

c. Failing to warn pedestrians and those lawfully on the Premises of the dangerous and defective condition existing on the Premises;

d. Failing to exercise due care to protect Plaintiff and others similarly situated from personal injuries caused by the dangerous and defective condition on the Premises;

e. Failing to properly and adequately inspect and supervise the Premises in order to locate and correct dangerous and defective conditions such as that which caused injury to Plaintiff;

f. Failing to correct the dangerous and defective condition of the Premises;

g. Failing to assure that the Premises were designed and/or built in a condition safe for pedestrians and others lawfully on the Premises;

h. Failing to properly select, instruct and/or supervise their agents, servants, employees, and/or contractors in the proper maintenance and repair of the Premises;

i. Failing to repair and/or replace the parking lot;

j. Improper repair;

k. Failing to remove the dangerous condition;

l. Failing to warn;

m. Failing to inspect and maintain the Premises; and

n. Allowing a dangerous and defective condition to exist on the Premises.

14. As a direct and proximate result of the foregoing incident, and the negligence and carelessness of Defendant, CVS, Plaintiff, Mark Lawson, sustained the injuries and suffered the damages described in paragraphs 8 through 11, *supra*.

WHEREFORE, Plaintiff, Mark Lawson, demands judgment against Defendant, CVS Pharmacy, in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus interest, costs, and any other relief which this Honorable Court may deem just and fair.

## COUNT II - NEGLIGENCE
## PLAINTIFF, MARK LAWSON, v. DEFENDANT, PHILADELPHIA PA CVS, INC.

15.    Plaintiff hereby incorporates the averments of Paragraph 1 through 14 of this Complaint as though fully set forth at length.

16.    The foregoing incident and all of the injuries and damages set forth herein sustained by Plaintiff, Mark Lawson, were the direct and proximate result of the negligence and carelessness of Defendant, Philadelphia PA CVS, Inc., as follows:

   a.  Failing to maintain the Premises in a safe condition;

   b.  Failing to take adequate precautions to assure that individuals lawfully on the Premises would not be subject to injury;

   c.  Failing to warn pedestrians and those lawfully on the Premises of the dangerous and defective condition existing on the Premises;

   d.  Failing to exercise due care to protect Plaintiff and others similarly situated from personal injuries caused by the dangerous and defective condition on the Premises;

   e.  Failing to properly and adequately inspect and supervise the Premises in order to locate and correct dangerous and defective conditions such as that which caused injury to Plaintiff;

   f.  Failing to correct the dangerous and defective condition of the Premises;

   g.  Failing to assure that the Premises were designed and/or built in a condition safe for pedestrians and others lawfully on the Premises;

   h.  Failing to properly select, instruct and/or supervise their agents, servants, employees, and/or contractors in the proper maintenance and repair of the Premises;

   i.  Failing to repair and/or replace the parking lot;

j.  Improper repair;

k.  Failing to remove the dangerous condition;

l.  Failing to warn;

m.  Failing to inspect and maintain the Premises; and

n.  Allowing a dangerous and defective condition to exist on the Premises.

17.    As a direct and proximate result of the foregoing incident, and the negligence and carelessness of Defendant, Philadelphia PA CVS, Inc., Plaintiff, Mark Lawson, sustained the injuries and suffered the damages described in paragraphs 8 through 11, *supra*.

WHEREFORE, Plaintiff, Mark Lawson, demands judgment against Defendant, Philadelphia PA CVS, Inc., in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus interest, costs, and any other relief which this Honorable Court may deem just and fair.

## COUNT III - NEGLIGENCE
## PLAINTIFF, MARK LAWSON, v. DEFENDANT, PHILADELPHIA PA BUSINESS TRUST

18.    Plaintiff hereby incorporates the averments of Paragraph 1 through 17 of this Complaint as though fully set forth at length.

19.    The foregoing incident and all of the injuries and damages set forth herein sustained by Plaintiff, Mark Lawson, were the direct and proximate result of the negligence and carelessness of Defendant, Philadelphia PA Business Trust, as follows:

a.  Failing to maintain the Premises in a safe condition;

b.  Failing to take adequate precautions to assure that individuals lawfully on the Premises would not be subject to injury;

c.  Failing to warn pedestrians and those lawfully on the Premises of the dangerous and defective condition existing on the Premises;

d.  Failing to exercise due care to protect Plaintiff and others similarly situated from personal injuries caused by the dangerous and defective condition on the Premises;

e.  Failing to properly and adequately inspect and supervise the Premises in order to locate and correct dangerous and defective conditions such as that which caused injury to Plaintiff;

f.  Failing to correct the dangerous and defective condition of the Premises;

g.  Failing to assure that the Premises were designed and/or built in a condition safe for pedestrians and others lawfully on the Premises;

h.  Failing to properly select, instruct and/or supervise their agents, servants, employees, and/or contractors in the proper maintenance and repair of the Premises;

i.  Failing to repair and/or replace the parking lot;

j.  Improper repair;

k.  Failing to remove the dangerous condition;

l.  Failing to warn;

m.  Failing to inspect and maintain the Premises; and

n.  Allowing a dangerous and defective condition to exist on the Premises.

20.    As a direct and proximate result of the foregoing incident, and the negligence and carelessness of Defendant, Philadelphia PA Business Trust, Plaintiff, Mark Lawson, sustained the injuries and suffered the damages described in paragraphs 8 through 11, *supra*.

WHEREFORE, Plaintiff, Mark Lawson, demands judgment against Defendant, Philadelphia PA Business Trust, in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus interest, costs, and any other relief which this Honorable Court may deem just and fair.

SOLNICK & ASSOCIATES, LLC

BY:      /s/ Jay L. Solnick
         JAY L. SOLNICK, ESQUIRE
         ALISA THAMMAVONG, ESQUIRE
         Attorneys for Plaintiff

**<u>VERIFICATION</u>**

I, Jay L. Solnick, Esquire,  hereby verify that I am counsel for the   Plaintiff in the

foregoing matter and that the statements made in the foregoing Complaint are true and correct to

the best of my knowledge, information and belief.  I understand the statements therein are made

subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.


          <u>/s/ <b>Jay L. Solnick</b></u>
          **JAY L. SOLNICK, ESQUIRE**

Solnick & Associates, LLC
1448 Murdock Road
Dresher, PA 19025
Attn: KS

UNITED STATES
POSTAL SERVICE®

1000

02895

U.S. POSTAGE PAID
FCM LETTER
19034
APR 24, 21
WASHINGTON, PA
AMOUNT
$7.40
R2305K132535-99

Philadelphia PA CVS, Inc.
One CVS Drive
Woonsocket, RI 02895

7019 1120 0001 2794 7780

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE
CERTIFIED MAIL®

1160

RECEIVED
APR 30 2021
MAILROOM

# **<u>EXHIBIT B</u>**

Search entity / Select entity / **Order documents**

# Order Business Documents



**Date**: 05/19/2021

## Business Name History

| Name | Name Type |
|------|-----------|
| PHILADELPHIA PA CVS, INC. | Current Name |

### Business Entity Details
### Officers

| Name | PHILADELPHIA PA CVS, INC. |
|------|---------------------------|
| **Entity Number** | 2862631 |
| **Entity Type** | Business Corporation |
| **Status** | Merged |
| **Citizenship** | Domestic |
| **Entity Creation Date** | 02/23/1999 |
| **Effective Date** | 02/23/1999 |
| **State Of Inc** | PA |
| **Address** | %CT Corporation System Philadelphia |

| Name | CAROL A DENALE |
|------|----------------|
| **Title** | TREASURER |
| **Address** | ONE CVS DRIVE WOONSOCKET RI 02895 |

| Name | CAROL A DENALE |
|------|----------------|
| **Title** | VICEPRESIDENT |
| **Address** | ONE CVS DRIVE WOONSOCKET RI 02895 |

| Name | THOMAS S MOFFATT |
|------|------------------|
| **Title** | SECRETARY |
| **Address** | ONE CVS DRIVE WOONSOCKET RI 02895 |

| Name | ZENON P LANKOWSKY |
|------|-------------------|
| **Title** | PRESIDENT |
| **Address** | ONE CVS DRIVE WOONSOCKET RI 02895 |

## Filed Documents

The information presented below is for your reference. To place an order you will need to log in. If you do not have a PENN File account, you may register for an account by clicking here (/Account/Register_account).

Show | 25 | entries                           Filter Records [🔍] [_____]

| Select | Date | Document | Pages | Plain Copy Quantity# | Price | Certified Copy Quantity# | Certified Copy Price | Microfilm # | Microfilm Start | Microfilm End | Line Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Search Request | | | $15.00 | | | | | | |
| ⚪ ❓ | 02/23/1999 | ARTICLES OF INCORPORATION 1 | | 1 | $0.00 | 0 | $40.00 | 9913 | 421 | 422 | |

Showing 1 to 2 of 2 entries                                    Previous | 1 | Next

| ☐ | All Dates | All Certified Copies | | Quantity # 1 | $40.00 | Search Fee $15.00 | |
|---|---|---|---|---|---|---|---|
| ☐ | All Dates | All Plain Copies | | Quantity # 1 | $0.00 | Search Fee $15.00 | |

**Note: Some of the images are currently unavailable through the website. You may submit an order for copies by selecting a document and then clicking on the 'Proceed to Cart' button. An initial $15 search fee is due and payable at the time of the order. Additional fees of $3.00 per page will be invoiced through the email identified with the user login. When all fees due have been paid, you will receive an email indicating the order is available on the users Home page under the Downloads section.**

**By selecting 'Proceed to Cart' you are agreeing to pay all fees for this order.**

## Certified Documents

| Select | Date | Document | Pages | Quantity# | Price | | Line Total |
|---|---|---|---|---|---|---|---|
| ☐ | 05/19/2021 | Index and Docket Report | 1 | 1 | $15.00 | | |
| ☐ | 05/19/2021 | Index and Docket Certified Report | 1 | 1 | $55.00 | | |

## Order Total :

[ << Back to Search Results ]

[ Login ]

# **EXHIBIT C**

| | |
|---|---|
| MARK LAWSON,<br><br>                    Plaintiff,<br><br>          v.<br><br>CVS PHARMACY, INC. d/b/a CVS PHARMACY,<br>PHILADELPHIA CVS, INC., and PHILADELPHIA PA<br>BUSINESS TRUST,<br><br>                 Defendants. | UNITED STATES DISTRICT COURT FOR THE<br>EASTERN DISTRICT OF PENNSYLVANIA<br><br>No. |

## AFFIDAVIT OF MELANIE K. ST ANGELO

BEFORE ME, the undersigned Notary, on this day personally appeared Melanie K. St Angelo, and being by me first duly sworn, on her oath, states as follows:

1.      My name is Melanie K. St Angelo, I am over the age of twenty-one and have personal knowledge of the information set forth in this Affidavit. This Affidavit is submitted in support of Defendant, Pennsylvania CVS Pharmacy, L.L.C. (i/p/a CVS Pharmacy, Inc. d/b/a CVS Pharmacy and Philadelphia PA CVS, Inc.) Petition for Removal.

2.      I am the Sr. Manager and Assistant Secretary of CVS Pharmacy, Inc.

3.      At the time of the incident alleged in the Complaint, and presently, CVS Pharmacy, Inc. is a foreign corporation with its principal place of business located at One CVS Drive, Woonsocket, Rhode Island 02895.

4.      Pennsylvania CVS Pharmacy, L.L.C. is a Pennsylvania limited liability company with a business address of 6344 Senton Avenue, Philadelphia, Pennsylvania.

5.      CVS Pharmacy, Inc. is the sole managing member of Pennsylvania CVS Pharmacy, L.L.C.

6.      Philadelphia PA CVS, Inc. is an inactive corporation that merged with Pennsylvania CVS Pharmacy, L.L.C.

_____
MELANIE K. ST ANGELO

Sworn to before me this

May the day of 28 2021

_____
NOTARY PUBLIC

Joyce Willis
Notary Public
State of Rhode Island
Comm Exp. 10/14/2023

# **<u>EXHIBIT D</u>**

Corporations ▾     Search Business Entities (corpsearch.aspx)     Search UCC Transactions (uccsearch.aspx)     Forms ▾

Contact Corporations (http://www.dos.pa.gov/BusinessCharities/Pages/default.aspx)                    Login (https://hub.business.pa.gov/login)

Search entity / Select entity / Order documents

# Order Business Documents



**Date**: 05/19/2021

## Business Name History

| Name | Name Type |
|------|-----------|
| PHILADELPHIA PA BUSINESS TRUST | Current Name |

### Business Entity Details
### Officers

| Name | PHILADELPHIA PA BUSINESS TRUST |
|------|--------------------------------|
| **Entity Number** | 2768227 |
| **Entity Type** | Business Corporation |
| **Status** | Active |
| **Citizenship** | Foreign |
| **Entity Creation Date** | 07/30/1997 |
| **Effective Date** | 07/30/1997 |
| **State Of Inc** | DE |
| **Address** | %CORPORATE CREATIONS NETWORK INC. Erie |

## Filed Documents

The information presented below is for your reference. To place an order you will need to log in. If you do not have a PENN File account, you may register for an account by clicking here (/Account/Register_account).

Show 25 entries                                                    Filter Records 🔍 [                    ]

| Select | Date | Document | Pages | Plain Copy Quantity# | Price | Certified Copy Quantity# | Certified Copy Price | Microfilm # | Microfilm Start | Microfilm End | Line Total |
|--------|------|----------|-------|----------------------|-------|--------------------------|----------------------|-------------|-----------------|---------------|------------|
|  |  | Search Request |  |  | $15.00 |  |  |  |  |  |  |
| ⬤ ⓘ | 07/30/1997 | CERTIFICATE OF AUTHORITY 1 |  | 1 | $0.00 | 0 | $40.00 | 9758 | 472 | 473 |  |
| ⬤ ⓘ | 06/12/2001 | CHANGE OF REGISTERED OFFICE - Domestic 2 |  | 1 | $0.00 | 0 | $40.00 | 2001045 | 1475 | 1476 |  |

| Select | Date | Document | Pages | Plain Copy Quantity# | Price | Certified Copy Quantity# | Certified Copy Price | Microfilm # | Microfilm Start | Microfilm End | Line Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ⬤ ❓ | 01/16/2004 | CHANGE OF REGISTERED OFFICE - Domestic 3 | | 1 | $0.00 | 0 | $40.00 | 2004011 | 1690 | 1691 | |
| ☐ | 01/19/2016 | Amendment - Foreign Registration Statement 4 | 2 | 1 | $3.00 | 0 | $40.00 | | | | |

Showing 1 to 5 of 5 entries                                                      Previous   1   Next

| ☐ | All Dates | All Certified Copies | 2 | Quantity # 1 | $40.00 | Search Fee $15.00 | | |
| ☐ | All Dates | All Plain Copies | 2 | Quantity # 1 | $0.00 | Search Fee $15.00 | | |

**Note: Some of the images are currently unavailable through the website. You may submit an order for copies by selecting a document and then clicking on the 'Proceed to Cart' button. An initial $15 search fee is due and payable at the time of the order. Additional fees of $3.00 per page will be invoiced through the email identified with the user login. When all fees due have been paid, you will receive an email indicating the order is available on the users Home page under the Downloads section.**

**By selecting 'Proceed to Cart' you are agreeing to pay all fees for this order.**

## Certified Documents

| Select | Date | Document | Pages | Quantity# | Price | | Line Total |
|---|---|---|---|---|---|---|---|
| ☐ | 05/19/2021 | Certificate of Registration | 1 | 1 | $40.00 | | |
| ☐ | 05/19/2021 | Index and Docket Report | 1 | 1 | $15.00 | | |
| ☐ | 05/19/2021 | Index and Docket Certified Report | 1 | 1 | $55.00 | | |

**Order Total :**

[ << Back to Search Results ]

[ Login ]